# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL BUMSTEAD,<br><br>            Petitioner,<br><br>      v.<br><br>UNITED STATES OF AMERICA,<br><br>            Respondent. | Case No. CV 15-6467-DMG (JEM)<br><br>MEMORANDUM AND ORDER DENYING MOTION TO STAY EXTRADITION |

      On August 25, 2015, Paul Bumstead ("Petitioner") filed a "Motion to Stay Extradition" ("Motion to Stay"), in which he asks the Court "to grant a temporary stay" of an order "extraditing Petitioner to Boston."

      On July 17, 2015, Petitioner was charged in the District of Massachusetts pursuant to 18 U.S.C. § 3583 for a supervised release violation, and an arrest warrant was issued.

      On August 6, 2015, Petitioner was arrested in the Central District of California. On August 7, 2015, Petitioner made his initial appearance and was ordered detained. A Final Commitment and Warrant of Removal to the District of Massachusetts was issued.

      On August 25, 2015, Petitioner filed the Motion to Stay, seeking a "temporary stay" of the Warrant of Removal. Petitioner states that he has filed in the District of Massachusetts

a Motion to Transfer Supervised Release to the Central District of California.[1] Petitioner asks the Court to stay his transfer to the District of Massachusetts until the court there has had an opportunity to consider his Motion to Transfer.

The Motion to Stay must be denied. Petitioner is presently on supervised release under the jurisdiction of the District of Massachusetts, and the arrest warrant for Petitioner was issued by that court. The Court declines to interfere with the administration of Petitioner's criminal proceedings in the District of Massachusetts or the Bureau of Prison's discretion to transfer prisoners as needed. Inmates have no constitutional right to placement in any particular penal institution. See Olim v. Wakinekona, 461 U.S. 238, 245-476(1983); Meachum v. Fano, 427 U.S. 215, 225 (1976); Montayne v. Haymes, 427 U.S. 236, 242 (1976). Petitioner, therefore, may not use a motion to stay to prevent a prison transfer or choose his place of confinement.

**ORDER**

IT IS HEREBY ORDERED that the Motion to Stay is DENIED. The Clerk is directed to close this action.

IT IS SO ORDERED.

DATED: September 23, 2015

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

---

[1] The Motion to Transfer Supervised Release, which was filed in the District of Massachusetts on August 20, 2015, in case number CR 07-10081-NMG, was incorrectly docketed in this case as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Motion to Transfer should have been docketed as an exhibit to the Motion to Stay, which is the only matter pending before this Court in this case.

2